IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALIF MORRIS                    :        CIVIL ACTION
                               :
                               :
         v.                    :
                               :
BRAD MASON                     :        NO.  09-9


MEMORANDUM

Bartle, C.J.                                    June 29, 2009

        Before the court is the pro se petition of Alif Morris

for writ of habeas corpus under 28 U.S.C. § 2241.  He seeks to

avoid extradition to the State of Delaware and requests that this

court direct the McKean County Jail and the Commonwealth of

Pennsylvania "to give no effect to the state of Delaware's

detainer" on him.

                            I.

        The United States has not answered Hall's petition.

For present purposes we therefore recite the facts as stated by

Morris.

        Morris was arrested in Wilmington, Delaware on April

24, 1998 for assault, weapons, and probation violations.  One

month later, on May 25, 1998, he was released into the custody of

the United States to answer for federal narcotics charges.

Delaware filed a detainer on Morris on June 6, 1998.  It is

unclear whether Morris was convicted or whether he pleaded guilty

to the federal narcotics charges, but in either case, he states that on November 19, 1999 he was sentenced to 190 months imprisonment.  <u>See</u> Pet. at 4, 6.

Following sentencing, Morris was returned to Delaware state custody for a disposition of his state charges.  However, on August 16, 2000, after the state criminal proceedings "stalled," Morris was again returned to federal custody.  <u>Id.</u> at 4.  Delaware filed a detainer against him because of the incomplete resolution of his state charges.  On March 12, 2008, when Morris completed his federal sentence at the Federal Correctional Institution at McKean in Bradford, Pennsylvania he was released into the custody of the McKean County Sheriff's Office based on the Delaware detainer.  He was held at the McKean County Jail in Smethport, Pennsylvania

On April 23, 2008,[1] while still detained at the McKean County Jail, Morris petitioned the United States District Court for the Western District of Pennsylvania to prevent his extradition to Delaware.  He argued that his detention and imminent extradition violated his due process rights because the detainer did not comply with Article IV § (e) of the Interstate

---

1. This is the date on Morris' petition.  "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998).

Agreement on Detainers Act.[2]  Morris asked the United States
District Court for the Western District of Pennsylvania to direct
the McKean County Jail officials and the Commonwealth of
Pennsylvania to disregard the detainer and thereby release him
from custody.

Our review of the court's docket reveals that the
following took place after the filing of Morris' petition.
Morris was transported from Pennsylvania to Delaware on September
10, 2008.  Order of Dec. 4, 2008.  As a result of his transfer,
on December 4, 2008, Chief Magistrate Judge Susan Paradise Baxter
of the Western District of Pennsylvania transferred Morris'
petition to the District of Delaware.  The case was assigned to
the undersigned on January 14, 2009.

When a notice that had been sent to Morris regarding
the case reassignment was returned as "undeliverable" due to
"inmate release," the clerk's office sought an updated address.
On January 27, 2009, the Delaware Department of Corrections

---

2. That agreement provides:

> If trial is not had on any indictment,
> information, or complaint contemplated hereby
> prior to the prisoner's being returned to the
> original place of imprisonment pursuant to
> article V(e) hereof, such indictment,
> information, or complaint shall not be of any
> further force or effect, and the court shall
> enter an order dismissing the same with
> prejudice.

Interstate Agreement on Detainers, § 2, 18 U.S.C. App. 2.

provided the court with a Philadelphia address for Morris.

II.

The judicial power of the United States extends only to actual cases or controversies.  U.S. Const. art III, § 2.  The case or controversy requirement "subsists through all stages of federal judicial proceedings .... This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotations and citations omitted).  The burden is on a habeas petitioner to allege facts demonstrating that he has standing under Article III.  Id. at 11.

Even where a petitioner suffers from no concrete injury in fact, he can satisfy the case or controversy requirement if he can show "continuing collateral consequences" from some prior event.  Id. at 7.  Thus, not only do incarcerated individuals have an ability to challenge the validity of their convictions or confinement, but convicts may also bring suits after the expiration of their sentence because courts presume that adverse collateral consequences follow all criminal convictions.  Id. at 7-8, 12.  The Supreme Court hesitates, however, to presume collateral consequences for habeas petitioners challenging something other than a conviction, and it generally requires petitioners to make an affirmative averment of an injury in fact.

-4-

Id. at 10-11.

Morris is not presently incarcerated and he is not challenging the validity of his prior conviction.  He challenges the validity of a detainer that expired in 2008.  He has not alleged any facts to demonstrate that he presently suffers an injury in fact or that any new detainer is lodged against him. He has also failed to allege any adverse collateral consequences stemming from the detainer.

Based on these circumstances we cannot find the existence of any live case or controversy.  Accordingly, we will deny the petition for writ of habeas corpus as moot.